## MITCHELL v. TOWNSEND.

*Semble* Court of Common Pleas. Kent. 1797.

*Clayton's Notebook, 20.*

*Hall,* for the defendant, stated three grounds upon which the rule was to be supported, *viz:* first, that the land being unimproved ought to have been sold under a *levari facias.* Secondly, the advertisements of the sheriff were not set up in time, according to the Act of Assembly. Third, the plaintiff's debt had been paid before the issuing of the *venditioni exponas* on which the land was sold.

To support the first ground he offered evidence of the land's being unimproved, to which *Ridgely,* for the plaintiff, objected because such evidence controverted the return of the sheriff. Now the sheriff is bound by his return and answerable for it. If he has made a false return, defendant may sue him, but he cannot controvert its validity in the manner now proposed.

*Bayard, contra.* There are numberless cases in which the sheriff's return may be controverted, *e. g.,* if the sheriff return *elongata* upon a *withernam,* the party may come before the court and set aside the return. So if he return a *devastavit* on an execution against an executor, the executor may falsify it. The plaintiff has no right to seize unimproved lands on a *fieri facias* because they cannot be rented, there being no rents and profits. Where a sheriff has levied on lands, and there were goods sufficient to pay the debt, his return shall be quashed, which he mentioned to have been the *Case of the Damascus Mills* in New Castle County. He stated at large the inconvenience of plaintiff's doctrine. 1 Saund. 219c (1st column), so he may traverse the return on a *scire fieri* inquiry, *ibid.* [See *Edmondson, Executor of Dolby, v. Jackson,*] *post, 37.* And on a *fieri facias* in England, if defendant pays sheriff, execution discharged. 2 Bac.Abr. 355. *Secus* on a *capias ad satisfaciendum,* but it would even then if to plaintiff or his attorney.

### NOTE.

The return of a sheriff duly filed may certainly be falsified in an action against him, but the question is how far parol proof is admissible to controvert it when the fact stated in it comes incidentally and collaterally in question? It seems to be at least *prima facie* evidence, *Rex v. Elkins,* 4 Burr. 2129, where sheriff returned a rescue, and the court gave it such credit as to issue an attachment in the first instance,—though when the party was after indicted for the rescue he falsified the return. See Phill. Ev. 294. So in 11 East 297, Gyfford sued Woodgate for malicious prosecution in suing out an *alias fieri facias* after a sufficient ex-

ecution under the first. Defendant pleaded license, *viz*, that he had forborne to sell under the first and had sold under the second by request and consent of plaintiff, and then produced the sheriff's return to that effect. This was held (*semble*) good *prima facie* evidence, and so the plea was established.

Admitting the evidence then to falsify the return, the question is:

First [point]. Can unimproved lands be sold under a *fieri facias?* 2 Del.Laws 926, s. 4, the sheriff shall specify the principal improvements on land taken in execution by a *fieri facias,* "if any" (*i. e.* improvements) in his return, and from the preamble to this section one would think *fieri facias* before this Act had been a "usual execution process" against land, and the Act, 1 Del. Laws 111, s. 4, merely enacts that a *levari facias* may issue in case the land is unimproved. This was to allow the plaintiff a more speedy remedy, perhaps. Where is the Act which positively orders an inquisition on every *fieri facias* executed on lands? Not that of 1796; [it] only "authorizes." Nor *semble* that of 1788, 2 Del.Laws 927, which, as I understand it, orders an inquisition only "in such case," *i. e.* in case of a levy on improved lands. For aught that I see, a *fieri facias* may be levied on unimproved lands then, and a sale made; and [see *Edmondson, Executor of Dolby v. Jackson*] *post, 37,* for rule on improved estates for life.

Second point. The section authorizing the *levari facias*, 1 Del. Laws 111, s. 4, is the only section directing the advertisements to be set up, but whether the proceedings were regular or not, the purchaser under a *fieri facias* in England (where terms for years are often so taken) always gains a title under the sheriff, unless the writ be void. 2 Tidd Pr. 936, "for it would be very hard if it should be at the peril of the purchaser under a *fieri facias,* whether the proceedings were regular or not." 1 Ves.Sr. 195. Should return not be a *venditioni exponas* after a *fieri facias?*

Third point. *Vide* [*Edmondson, Executor of Dolby, v. Jackson*] *post, 37.* On this, the case should have gone for defendant. Whenever payment is presumed, we see the execution cannot be made. Execution, judgment, bond or statement presumed paid after one year, therefore no execution until revised. 2 Tidd Pr. 990.